MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ALFONSO WALLACE,

    Petitioner,

v.     CASE NO. 5:12-cv-309-Oc-23PRL

WARDEN, FCC COLEMAN- USP I,

    Respondent.
_____/

**ORDER**

The jury in *United States v. Glover, et al.*, Case No. 9:95-cr-8021 (S.D. Fla), found Alfonso Wallace guilty of count one – conspiracy to distribute crack cocaine (21 U.S.C. § 846); counts two, three, and four – possessing, distributing, and manufacturing crack cocaine (21 U.S.C. § 841(a)); and count five – simple possession of cocaine (21 U.S.C. § 844(a)).  On November 6, 1997, Wallace was sentenced to concurrent terms of life imprisonment on counts one, two, three, and four and thirty-six months of imprisonment on count five.  The January 6, 1999, mandate affirmed Wallace's conviction and sentence.  The sentencing court denied Wallace's (a) motion under 28 U.S.C. § 2255 (August 17, 2001) and (b) motion under Rule 60(b), which was construed as a second or successive motion under Section 2255 (August 30 2011).

Challenging his conviction and sentence, Wallace petitions (Doc. 1) under 28 U.S.C. § 2241 for the writ of habeas corpus and argues that under *DePierre v. United States*, 131 S. Ct. 2225 (2011)[1] and *United States v. O'Brien*,[2] 130 S. Ct. 2169, 2178-80 (2010), he is "actually innocent" of his life sentence. The respondent argues (Doc. 6) for dismissal because Wallace fails to establish entitlement to review under 28 U.S.C. § 2255's savings clause.

## Discussion

Wallace attacks the validity of his sentence rather than the means of execution. Having unsuccessfully challenged his sentence by motion in the criminal case, Wallace petitions for the writ of habeas corpus under 28 U.S.C. § 2241. Wallace pursues relief under Section 2241 because relief under Section 2255 is barred as a successive petition. However, under these circumstances, Section 2255 expressly precludes a petition under Section 2241.

Section 2255 states that an application "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court denied him relief . . . ." Wallace seeks to avoid the preclusive effect of that prohibition by invoking the "savings clause" in Section 2255,

---

[1] In *DePierre*, the Supreme Court held that the term "cocaine base," as used in 21 U.S.C. § 841(b)(1) refers to not just crack cocaine, but any cocaine in its chemically basic form.

[2] In *O'Brien*, the only statute at issue was 18 U.S.C. § 924(c), which governs using or carrying a firearm during and in relation to a crime of violence or a drug trafficking crime. The court held that the "machine gun provision" of that statute, which mandates a thirty-year minimum sentence for the use of a machine gun in relation to the commission of the relevant crimes, constitutes an element of an offense rather than a sentencing factor. *O'Brien*, 130 S. Ct. at 2180.

which permits relief under Section 2241 if "the remedy by motion [under Section 2255] is inadequate or ineffective to test the legality of [the applicant's] detention." However, *Wofford v. Scott*, 177 F. 3d 1236, 1244 (11th Cir. 1999), states that:

> The savings clause of § 2255 applies to a claim when:  1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal or first § 2255 motion.[3]

To the extent that Wallace argues entitlement to relief under Section 2255's "savings clause," the argument is unavailing.  The Eleventh Circuit has "categorically state[d], . . . that the savings clause does not apply to sentencing claims, at least not to those where the sentence imposed was within the statutory maximum." *Gilbert v. United States*, 640 F.3d 1293, 1315 (rejecting an attempt to bring a Section 2241 claim that petitioner had been wrongly sentenced as a career offender under U.S.S.G. § 4B1.1).  *Gilbert* recognizes that "finality of judgment and the important interests that finality promotes" caution against examining a sentence that was correctly calculated when imposed even though subsequent interpretations of the guidelines would now require a different sentence.  *Gilbert*, 640 F.3d at 1295.

To the extent Wallace relies on *DePierre v. United States*, 131 S. Ct. 2225 (2011), and *United States v. O'Brien*, 130 S. Ct. 2169, 2178-80 (2010), these cases are not

---

[3] The Eleventh Circuit Court of Appeals has indicated that the other exception to the rule of the *Gilbert* decision relates to certain sentences under the Armed Career Criminal Act, 18 U.S.C. § 924. *See Bryant v. Warden, FCC Coleman, Medium*, 738 F.3d 1253 (11th Cir. 2013); *Mackey v. Warden*, FCC Coleman, 739 F.3d 657 (11th Cir. 2014). However, this exception is inapplicable to Wallace's petition, because Wallace was not sentenced under ACCA.

retroactively applicable,[4] and the cases do not render Wallace actually innocent of his offense.  In light of these conclusions, which unmistakably govern the disposition of the petition in this case, Wallace is not entitled to habeas relief in this Section 2241 proceeding.

## Conclusion

The action is **DISMISSED WITH PREJUDICE**.  The Clerk is directed to enter judgment, to terminate any pending motion, and to close the case.

ORDERED in Tampa, Florida, on July 1, 2014.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[4] *See, e.g.*, Starks v. Warden, FCC Coleman-USP I, 552 Fed. Appx. 869, 870-71 ("[N]either DePierre nor O'Brien apply retroactively").  Furthermore, Petitioner's argument regarding the failure to submit to the jury the drug quantity is an argument based on Apprendi v. New Jersey, 530 U.S. 466 (2000).  Apprendi is not retroactive on collateral review.  Dorhmann v. United States, 442 F.3d 1279, 1281-82 (11th Cir. 2006).